```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLEMING STEEL COMPANY,         )
                               )
          Plaintiff,           )
                               )
     vs.                       ) Civil Action No. 02-828
                               )
W.M. SCHLOSSER COMPANY, INC.,  )
                               )
          Defendant.           )


W.M. SCHLOSSER COMPANY, INC.,  )
                               )
          Plaintiff,           )
                               )
     vs.                       ) Civil Action No. 03-1338
                               )    (Consolidated with
CONTINENTAL CASUALTY COMPANY,  )    Civil Action No. 02-828)
                               )
          Defendant.           )
```

MEMORANDUM

In Civil Action No. 02-828, Plaintiff, Fleming Steel Company ("Fleming Steel"), and Defendant, W.M. Schlosser Company, Inc. ("Schlosser"), asserted breach of contract claims against each other arising out of a project to construct an acoustical aircraft enclosure, or "hush house," for the United States Navy at the Oceana Naval Air Station in Virginia Beach, Virginia ("the Oceana project").

The events leading to this dispute may be summarized briefly as follows: Schlosser, which was awarded the prime contract for the Oceana project on February 17, 2000, entered into a subcontract with Fleming Steel on June 12, 2000, pursuant to

1

which Fleming Steel agreed to fabricate the acoustical intake sliding doors for the "hush house." On March 29, 2002, Schlosser terminated the subcontract with Fleming Steel due to Fleming Steel's failure to fabricate acceptable component parts and complete the intake sliding doors in compliance with the subcontract. Fleming Steel filed Civil Action No. 02-828, seeking damages from Schlosser based on the claim that the termination of the subcontract was for Schlosser's "convenience," rather than a termination for default.[1] In turn, Schlosser filed a counterclaim against Fleming Steel seeking damages for the costs incurred to hire other subcontractors to correct and complete Fleming Steel's work under the subcontract.

Pursuant to Fed.R.Civ.P. 53, on March 17, 2006, the Court entered an Order appointing Thomas D. Arbogast, Esquire, as a Special Master with respect to the counterclaim damages sought by Schlosser. The March 17th Order provides in pertinent part:

\* \* \*

> The Special Master shall prepare a Report and Recommendation in which he shall perform an accounting of the damages alleged by Defendant W.M. Schlosser Co., Inc. ("Schlosser") in its counterclaim ("Counterclaim Damages") as the costs that Schlosser incurred to complete and/or correct the work of Plaintiff Fleming Steel Company ("Fleming"). These Counterclaim Damages are alleged by Schlosser to be $694,030.

---

[1] If Schlosser terminated the parties' subcontract for its own convenience, Article 29 of the subcontract entitled Fleming Steel to recover "the actual cost for work and labor in place, plus five percent (5%) overhead and profit."

2

     As provided in Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence. The Special Master may communicate ex parte with the Court or any party. With respect to documents possessed by Schlosser, Schlosser will provide the Special Master with documents supporting its Counterclaim Damages and will cooperate with the Special Master in providing such additional documents as he may request, to the extent such documentation exists. In addition, Schlosser agrees to assist in facilitating access by the Special Master to documents possessed by third parties, such as subcontractors, if requested by the Special Master. The Special Master shall preserve and file as the record of his activities either the documents reviewed or a record summarizing with reasonable specificity the documents or categories of documents reviewed by him.

* * *

     Each party will have the right to file objections to the Special Master's Report and Recommendation within ten (10) days of receipt thereof.

     The parties consent to the Court's appointment of the Special Master to serve in the capacity described above. The parties also agree to share equally, i.e., 50% each, the costs incurred by the Special Master to complete the Report and Recommendation.

* * *

(Doc. No. 80).

     Special Master Arbogast performed a detailed accounting as requested and filed a Report and Recommendation, together with supporting documentation, on May 31, 2006. Although Schlosser sought damages from Fleming Steel on its counterclaim in the amount of $690,317.26, Special Master Arbogast recommended that Schlosser's counterclaim damages be adjusted downward to

3

$640,010.43.[2] On June 9, 2006, Fleming Steel filed objections to Special Master Arbogast's Report and Recommendation, and, on June 16, 2006, Schlosser filed a response to Fleming Steel's objections. Subsequently, during a conference among the Court and counsel for the parties on June 23, 2006, an argument on Fleming Steel's objections to the Report and Recommendation was scheduled for July 11, 2006.

On July 10, 2006, the Court filed a Memorandum Opinion and an Order granting summary judgment in favor of Schlosser and against Fleming Steel with respect to the issue of liability on both Fleming Steel's claim against Schlosser for breach of the subcontract and Schlosser's counterclaim against Fleming Steel for breach of the subcontract. Thus, the only remaining issue in this case is the amount of damages recoverable by Schlosser on its counterclaim.

After consideration of Fleming Steel's objections to Special Master Arbogast's Report and Recommendation and Schlosser's response thereto, as well as the arguments of counsel on July 11, 2006, the Court denies said objections and adopts the Report and Recommendation as the decision of the Court. Accordingly, judgment will be entered in favor of Schlosser and against

---

[2] After deducting $285,364.00, which is the balance due to Fleming Steel by Schlosser on the subcontract, the counterclaim damages based on Special Master Arbogast's Report and Recommendation would be $354,646.43.

4

Fleming Steel and Continental Casualty Company in the amount of $354,646.43.[3]

                                       */s/ Arthur J. Schwab*
                                      Arthur J. Schwab
                                  United States District Judge
                                                for
                                    William L. Standish
                                  United States District Judge

Date: July 14, 2006

---

[3] In Civil Action No. 03-1338, which was consolidated with Civil Action No. 02-828 on March 20, 2006, Schlosser sought indemnification from Continental Casualty Company for the damages incurred as a result of Fleming Steel's breach of the subcontract on the Oceana project under a performance bond issued by Continental Casualty Company on June 8, 2000. Thus, judgment is entered in favor of Schlosser and against both Fleming Steel and Continental Casualty Company. In this connection, the Court notes that, on June 21, 2006, Continental Casualty Company filed a complaint against Fleming Steel and its principals under a General Agreement of Indemnity, seeking, among other things, funds and/or collateral sufficient to hold Continental Casualty Company harmless from the damages sought by Schlosser in Civil Action No. 02-828 and Civil Action No. 03-1338.