IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLEMING STEEL COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>W.M. SCHLOSSER COMPANY, INC.,<br><br>Defendant. | Civil Action No. 02-828 |
| W.M. SCHLOSSER COMPANY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | Civil Action No. 03-1338<br>(Consolidated with Civil<br>Action No. 02-828) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the Court is the motion of Fleming Steel Company ("Fleming Steel") and Continental Casualty Company ("Continental Casualty") for reconsideration of the Court's Memorandum Opinion and Amended Judgment Order dated October 21, 2008. (Document No. 148). For the reasons set forth below, the motion will be granted in part and denied in part.

1

## II. BACKGROUND[1]

On July 14, 2006, a judgment awarding compensatory damages in the amount of $354,646.43 was entered in favor of W.M. Schlosser Company, Inc. ("Schlosser") and against Fleming Steel and Continental Casualty for the costs incurred by Schlosser to correct and/or complete Fleming Steel's work under a subcontract for a construction project. The basis of Continental Casualty's liability for Schlosser's compensatory damages was its issuance of a performance bond to guarantee Fleming Steel's work under the subcontract.

Two weeks after the entry of the Judgment Order on July 14, 2006, Schlosser filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Judgment Order to include interest and attorneys' fees and costs. On October 21, 2008, Schlosser's Rule 59(e) motion was granted and an Amended Judgment Order was entered. In addition to the $354,646.43 in compensatory damages which was awarded to Schlosser on July 14, 2006 for the costs incurred as a result of Fleming Steel's breach of the subcontract, the Amended Judgment Order includes awards of prejudgment and postjudgment interest on Schlosser's damages against both Fleming Steel and Continental Casualty and an award of attorneys' fees and costs and prejudgment interest thereon

---

[1]The facts and lengthy procedural history of this case are well-known to the parties and will not be repeated herein.

against Continental Casualty based on the terms of the performance bond issued to guarantee Fleming Steel's work under the subcontract.

## III. ANALYSIS

In their motion for reconsideration of the Court's Memorandum Opinion and Amended Judgment Order dated October 21, 2008, Fleming Steel and Continental Casualty raise several arguments which will be addressed individually.

i

First, Fleming Steel and Continental Casualty assert that the Court erred by failing to expressly state that their liability for Schlosser's compensatory damages and the interest awarded thereon is joint and several, resulting in a "windfall double recovery for Schlosser." (Docket No. 148, pp. 2-3, ¶¶ 6-9). As noted by Schlosser in response to this argument, there has never been a dispute regarding the joint and several liability of Fleming Steel and Continental Casualty for the compensatory damages resulting from Fleming Steel's breach of its subcontract with Schlosser and the interest thereon (Docket No. 150, p. 5), and the Court mistakenly assumed that this fact was obvious. Nevertheless, this aspect of the motion for reconsideration will be granted and the Amended Judgment Order filed on October 21, 2008 will be further amended to expressly state that the liability of Fleming Steel and Continental

3

Casualty for Schlosser's compensatory damages and the interest thereon is joint and several.

ii

Ignoring the express terms of the performance bond issued by Continental Casualty to guarantee Fleming Steel's work under its subcontract with Schlosser and relying on inapposite case law, Fleming Steel and Continental Casualty argue, again, that the liability of Continental Casualty (the surety) to Schlosser can be no greater than the liability of Fleming Steel (the principal) to Schlosser for breach of the subcontract. Because Fleming Steel's subcontract with Schlosser does not provide for the recovery of attorneys' fees and costs in the event of a breach by Fleming Steel, it is argued that Schlosser may not recover attorneys' fees and costs from Continental Casualty, as a surety, despite the terms of the performance bond which specifically provides for such recovery. (Docket No. 148, p. 4, ¶¶ 15-20). For the reasons set forth at length in the Court's October 21, 2008 Memorandum Opinion (Docket No. 146, pp. 8-13), this argument is rejected again. The general rule regarding the extent of a surety's liability for the obligations of the principal simply does not apply in this case.[2]

---

[2]In their motion for reconsideration, Fleming Steel and Continental Casualty, who are represented by the same law firm, also argued for the first time that the Court erred by failing to conduct "full adjudicatory proceedings" with respect to the "proper interpretation and applicability of the contested

4

Fleming Steel and Continental Casualty also assert that the Court erred in rejecting their argument that a claim for prejudgment interest on the damages incurred by Schlosser as a result of Fleming Steel's breach of the subcontract was "no longer available" upon entry of the original Judgment Order on July 14, 2006. (Docket No. 148, p. 6, ¶¶ 28-29). In support of this argument, Fleming Steel and Continental Casualty rely on the decision of the Court of Appeals for the Fourth Circuit in Boyd v. Bulala, 751 F.Supp. 576 (W.D.Va.1990).

In Boyd, parents and a child born with defects brought a medical malpractice action against the obstetrician/gynecologist, alleging failure to provide adequate medical care during labor and delivery. A jury awarded substantial damages to the plaintiffs, and, upon disposition of post-trial matters, the Clerk of the district court entered judgment on the jury's verdict. On appeal, the Court of Appeals for the Fourth Circuit vacated the judgment and remanded the case to the district court for entry of judgment in a lesser amount to comply with Virginia's statute that limits a plaintiff's recovery for medical

---

language" in the performance bond which is the basis of the award of attorneys' fees and costs against Continental Casualty. (Docket No. 148, pp. 5-6, ¶¶ 21-27). During a conference among counsel and the Court on December 16, 2008, counsel for Fleming Steel and Continental Casualty withdrew this argument which apparently was based on a miscommunication between co-counsel.

malpractice. The plaintiffs then filed a motion in the district court for interest on the damages. In rejecting the plaintiffs' claim of entitlement to prejudgment interest, the district court stated:

* * *

A. Prejudgment Interest

The plaintiffs first contend that they are entitled to prejudgment interest. Although this court may award prejudgment interest in a diversity action, <u>Gill v. Rollins Protective Services, Co.</u>, 836 F.2d 194, 198-99 (4th Cir. 1987), such interest is not appropriate here. Section 8.01-382 of the Virginia Code provides:

> [T]he verdict of the jury ... may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence.... If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry....

The jury in this case did not award prejudgment interest. The plaintiff offered no instruction on prejudgment interest and none was given, nor was any objection to the charge made. Thus, the plaintiff is precluded from obtaining prejudgment interest.

* * *

751 F.Supp at 578.

After consideration, the Court concludes that the facts presented to the court in <u>Boyd</u> are distinguishable from the facts in this case. Unlike the plaintiffs in <u>Boyd</u> who had the opportunity to request prejudgment interest prior to the Clerk's entry of judgment on the jury's verdict but failed to do so, Schlosser had no opportunity to request prejudgment interest

6

before the Court entered the original Judgment Order in this case on July 14, 2006. The original Judgment Order was based on the report of the Special Master who was appointed for the limited purpose of analyzing the costs claimed by Schlosser to correct and/or complete Fleming Steel's work under the subcontract and the Court's rejection of Fleming Steel's objections thereto, without a conference among counsel and the Court to determine whether Schlosser was entitled to any other relief as a result of Fleming Steel's breach of the subcontract prior to entry of the judgment. Significantly, Schlosser moved promptly for an award of prejudgment interest (and attorneys' fees and costs) following the Court's entry of the original Judgment Order on July 14, 2006. Under the circumstances, the argument of Fleming Steel and Continental Casualty that Schlosser's claim for prejudgment interest was untimely is unavailing.

Fleming Steel and Continental Casualty also argue that they should not be penalized by an award of prejudgment interest to Schlosser for the delay in the determination of damages in this case because they were not responsible for the delay. (Docket No. 148, p. 6, ¶¶ 30-31). Contrary to this argument, the delay resulting from the appeal filed by Fleming Steel and Continental Casualty, which ultimately was dismissed as premature, had no impact on the Court's exercise of its discretion to award prejudgment interest to Schlosser or the Court's calculation of

such interest. The period for which prejudgment interest was awarded to Schlosser on its damages - September 16, 2002 (the date on which the work to be completed by Fleming Steel under the subcontract was completed by another company) through July 14, 2006 (the date on which Schlosser's compensatory damages were quantified and a judgment entered thereon) - preceded the filing of the appeal by Fleming Steel and Continental Casualty. Thus, there is no basis for the claim of Fleming Steel and Continental Casualty that the Court's award of prejudgment interest to Schlosser on its damages constitutes a penalty against them for delay.

Finally, Fleming Steel and Continental Casualty argue that an award of prejudgment interest to Schlosser on the damages sustained as a result of Fleming Steel's breach of the subcontract is an abuse of discretion because the original Judgment Order entered on July 14, 2006 was an "unliquidated verdict" upon which prejudgment interest may not be awarded. (Docket No. 148, ¶ 32). In support of this argument, Fleming Steel and Continental Casualty note that, generally, prejudgment interest is not allowed on unliquidated damages in dispute between the parties. See Advanced Marine Enterprises, Inc. v. PRC Inc., 256 Va. 106, 501 S.E.2d 148 (Va.1998); Reid v. Ayscue, 246 Va. 454, 436 S.E. 2d 439 (Va.1993). However, as of July 14, 1996, the compensatory damages to which Schlosser is entitled as

8

a result of Fleming Steel's breach of the subcontract were liquidated. Thus, the "unliquidated verdict" argument of Fleming Steel and Continental Casualty is meritless.

iv

Under Virginia Code § 8.01-382, a judgment of the court may provide for prejudgment interest on "any principal sum awarded, or any part thereof...." In 2004, the Attorney General for the State of Virginia issued an opinion in which he opined that neither court costs nor attorneys' fees are included in the phrase "principal sum awarded" in Virginia Code § 8.01-382.[3] Based on the Attorney General's opinion and the deference to which such opinions are entitled, Fleming Steel and Continental Casualty assert that the Court erred in awarding prejudgment interest on Schlosser's attorneys' fees and costs. (Docket No. 148, pp. 6-7, ¶¶ 33-38).

After consideration, the Court rejects this argument and adopts its conclusion in the Memorandum Opinion filed on October 21, 2008 regarding the issue. Specifically, because the attorneys' fees and costs awarded to Schlosser are based on the terms of the performance bond issued to guarantee Fleming Steel's work under the subcontract and are an integral part of the relief sought by Schlosser against Continental Casualty under the performance bond (as noted by the Court of Appeals for the Third

---

[3] See Op. No. 04-028, 2004 Va. AG LEXIS 48 (August 2, 2004).

9

Circuit in its Order dismissing the appeal filed by Fleming Steel and Continental Casualty for lack of jurisdiction), the attorneys' fees and costs are part of the "principal sum awarded" to Schlosser. Therefore, despite the opinion of the Attorney General for the State of Virginia on which Fleming Steel and Continental Casualty rely to support this argument, the Court concludes that Virginia Code § 8.01-382 does not preclude an award of prejudgment interest on Schlosser's attorneys' fees and costs which the Court, in its discretion, has determined is appropriate in this case.

V

Finally, Fleming Steel and Continental Casualty assert that the Court erred in calculating prejudgment interest on the award of attorneys' fees and costs against Continental Casualty. Specifically, Fleming Steel and Continental Casualty argue that the "calculation of prejudgment on the total expenditure for attorney fees over the entire period results in a windfall for Schlosser." (Docket No. 148, pp. 3-4, ¶¶ 10-14).

After consideration, the Court agrees with Fleming Steel and Continental Casualty regarding an error in the manner in which prejudgment interest on the award of attorneys' fees and costs against Continental Casualty was calculated by the Court.[4] Thus,

---

[4] Schlosser also agrees that the Court's calculation of prejudgment interest on the award of attorneys' fees and costs against Continental Casualty was erroneous. In addition to

10

this aspect of the motion for reconsideration will be granted, and the Amended Judgment Order dated October 21, 2008 will be further amended to reflect the proper calculation of prejudgment interest on Schlosser's award of attorneys' fees and costs against Continental Casualty.

**vi**

One final point needs to be addressed. In the Amended Judgment Order dated October 21, 2008, the Court awarded post-judgment interest on Schlosser's compensatory damages against Fleming Steel and Continental Casualty in differing amounts. Specifically, postjudgment interest in the amount of $2,108.18 was awarded in favor of Schlosser and against Fleming Steel, and postjudgment interest in the amount of $9,540.92 was awarded in favor of Schlosser and against Continental Casualty. Although not raised by Fleming Steel and Continental Casualty in the motion for reconsideration, in its response thereto, Schlosser notes that the postjudgment interest awards against Fleming Steel and Continental Casualty should be identical because, as a surety, Continental Casualty's liability for the postjudgment interest awarded on Schlosser's compensatory damages can be no

---

beginning the prejudgment interest calculation too soon on certain attorneys' fees and costs, the Court ended the calculation on July 14, 2006, rather than October 21, 2008 when the attorneys' fees and costs were quantified. The net effect of these errors is a reduction in the amount of prejudgment interest awarded to Schlosser on its attorneys' fees and costs. (Docket No. 150, p. 9).

greater than Fleming Steel's liability for postjudgment interest. (Docket No. 150, p. 10). Thus, the Amended Judgment Order dated October 21, 2008 will be further amended to award the same amount of postjudgment interest in favor of Schlosser and against Fleming Steel and Continental Casualty.

*William L. Standish*
William L. Standish
United States District Judge

Date: February 5, 2009